IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAMUEL E. PARRIS,

    Petitioner,                   No. CIV S-08-0316 WBS DAD P

   vs.

D.K. SISTO, et al.,

    Respondents.              FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the court is respondent Sisto's motion to dismiss this action on the ground that it is barred under the applicable one-year statute of limitations.

I. Procedural Background

        On November 5, 2002, a Butte County Superior Court jury found petitioner guilty of first degree murder and found a firearm discharge causing death enhancement allegation to be true. (Pet. at 2.) Petitioner was sentenced to two consecutive terms of 25 years to life. (Id.)

        On February 9, 2005, the California Court of Appeal for the Third Appellate District affirmed petitioner's judgment of conviction. (Id. at 26.) On May 11, 2005, the California Supreme Court summarily denied a petition for review filed on petitioner's behalf. (Lod. Doc. 3.)

1    On March 3, 2006, petitioner filed a petition for writ of habeas corpus with the
2 Butte County Superior Court. (Lod. Doc. 4.) The petition was denied on March 6, 2006. (Lod.
3 Doc. 5.) On March 30, 2006, petitioner filed his habeas petition with the California Court of
4 Appeal for the Third Appellate District. (Lod. Doc. 6.) The petition was summarily denied on
5 April 6, 2006. (Lod. Doc. 7.) On May 9, 2006, petitioner filed a habeas petition with the
6 California Supreme Court. (Lod. Doc. 8.) The petition was denied on December 13, 2006.
7 (Lod. Doc. 9.) According to the California Supreme Court's docket, it appears that the mailed
8 denial of the petition was returned to the court marked as "unable to forward" on January 8, 2007
9 and the returned mail was re-sent to petitioner on July 26, 2007. (Id.)
10    On February 8, 2008 petitioner signed his federal habeas petition and it was
11 received by this court for filing on February 11, 2008.
12 II.  Parties' Arguments
13    Respondent argues that the federal habeas petition should be dismissed as
14 untimely. Respondent contends that petitioner's judgment of conviction became final on August
15 9, 2005, 90 days after his petition for review was denied by the California Supreme Court.
16 Counsel argues that the statute of limitations thus began to run on August 10, 2005, and
17 continued to run until it was tolled on March 3, 2006 by petitioner's filing of his habeas petition
18 with the Butte County Superior Court. (Mot. to Dismiss (MTD) at 5.) Therefore, according to
19 respondent, the statute of limitations ran for 206 days and petitioner then had 159 days left on the
20 one-year limitations period. (Id.) Respondent contends that tolling of the statute of limitations
21 for filing a federal petition ended on December 13, 2006 when the California Supreme Court
22 denied petitioner's habeas petition filed with that court. (Id.) Under respondent's calculation,
23 the statute of limitations ran for 159 days following the December 13, 2006, denial of the petition
24 for review until it expired on May 22, 2007. (Id.) Respondent contends that since petitioner did
25 not file his federal petition until February 11, 2008, he has exceeded the one-year period by
26 almost nine months. (Id.)

In opposing the motion to dismiss, petitioner advances several arguments. First, petitioner argues that he was not aware of the California Supreme Court's ruling until July 28, 2007. (Pet'r Opp'n, Mem. P. & A. (Pet'r P&A) at 1.) Second, he contends that he did not have "the record to work from, as well as his own mental defects (no medications) and property receipt delays, from June 12, 2007 through August of 2007 also contributed to the delay [in filing his federal petition]." (Id.) Third, he contends that there was fraud upon the court and that this should prevent any statute of limitations bar. (Id. at 2.) In this regard, petitioner asserts that,

> [t]he detective in this case lied and failed to inform the court during a hearing to suppress Petitioner's confession, that as a matter of law, Petitioner was not free to leave the police interrogation room during a non-Mirandized interrogation, because the detectives had already obtained a warrant for Petitioner's arrest, and they were duty-bound to execute that warrant, as a matter of law.

(Id. at 3.) Fourth, petitioner asserts that he is actually innocent of the crime for which he was convicted. (Id. at 4.) Petitioner contends that he suffers from post-traumatic stress disorder, chronic alcoholism and drug addiction and that counsel never investigated or addressed his mental disability at trial. (Id. at 4.) Thus, he argues that "[i]t is reasonably likely that Petitioner was not guilty by reason of insanity of mental defect at the time of the crime and he is legally and actually innocent." (Id.)

III. The Statute of Limitations under the AEDPA

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year period of limitation applies to a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). The period of limitation applies to all federal habeas petitions filed after the statute was enacted. Lindh v. Murphy, 521 U.S. 320, 322-23 (1997). Because this action was commenced in 2008, the AEDPA period of limitation is applicable to the petition.

Pursuant to 28 U.S.C. § 2244(d)(1), the statute of limitations shall run from the latest of:

3

(A) date on which judgment became final by the conclusion of direct review or that time period;

(B) date on which the impediment to filing an application is removed;

(C) date on which the constitutional right asserted was initially recognized by the Supreme Court; or

(D) date on which the factual predicate of the claim(s) could have been discovered

Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed habeas petition is pending before a state court, is not counted towards the one-year limitation period. The period between the denial of a state petition and the timely filing of a subsequent petition in a higher court is also tolled. See Evans v. Chavis, 546 U.S. 189, 192 (2006); Carey v. Saffold, 536 U.S. 214, 223 (2002).

IV. Analysis

    A. Application of the AEDPA Statute of Limitations

The statute of limitations for petitioner's filing of a federal application for a writ of habeas corpus began to run when his judgment of conviction became final at the conclusion of the direct review of that judgment on appeal. The California Supreme Court denied the petition for review filed on his behalf on May 11, 2005 and the judgment of conviction became final 90 days thereafter, on August 10, 2005.[1] Thus, the one-year statute of limitations for the filing of a federal habeas petition began to run on August 10, 2005.

/////

---

[1] When a petitioner has sought direct review of the judgment of conviction by the California Supreme Court, the period of "direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). Rule 13 of the Rules of the United States Supreme Court requires that a writ of certiorari to review a judgment be filed "within 90 days after entry of the judgment." In addition, Rule 6(a) of the Federal Rules of Civil Procedure provides that the day of the event that begins the time period, is excluded. Therefore, the 90 day period began to run in petitioner's case on May 12, 2005 and concluded on August 10, 2005. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (applying Rule 6(a) to computing AEDPA's limitations period).

The statute of limitations ran for 205 days, from August 10, 2005, until March 3, 2006, the date petitioner filed his habeas petition with the Butte County Superior Court at which time it was tolled.[2] Tolling continued while petitioner sought habeas relief in the state courts, and ended when the California Supreme Court denied his habeas petition on December 13, 2006. Since petitioner had already used 205 days of the one-year statute of limitations when he began seeking collateral review of his conviction in the state courts, he had only 160 days to file his federal petition after the California Supreme Court denied his habeas petition. Thus, the federal statute of limitations would have expired on May 23, 2007. Assuming the earliest possible filing date is the date petitioner signed his federal habeas petition, February 8, 2008, petitioner's federal petition was filed at least eight months after the AEDPA's one-year statute of limitations had expired.

B. Equitable Tolling

Petitioner's opposition to the pending motion to dismiss can be interpreted as arguing that he should be entitled to the equitable tolling of the statute of limitations.[3] The

---

[2] The lodged copy of petitioner's habeas petition filed with the Butte County Superior Court is incomplete. It does not include the last page of the petition which would show the date petitioner signed the petition and which could establish an earlier filing date with the application of the mailbox rule. However, petitioner has not argued that he is entitled to an earlier filing date, and additional statutory tolling, with respect to this habeas petition. Moreover, given the fact that the federal petition in this case was filed more than eight months after the federal statute of limitations expired, a few additional days or weeks of statutory tolling would be of no consequence.

[3] The Supreme Court has assumed, without deciding, that equitable tolling applies to the AEDPA statute of limitations. See Lawrence v. Florida, 549 U.S. 327, ___, 127 S. Ct. 1079, 1085 (2007). Recently, in Bowles v. Russell, 551 U.S. 205,___, 127 S. Ct. 2360, 2366-67 (2007), the Court held that the timely filing of a notice of appeal is a jurisdictional requirement for which there are no equitable exceptions. In some quarters this holding perhaps suggested the unavailability of equitable tolling with respect to the AEDPA statute of limitations. However, courts have continued to apply equitable tolling in the AEDPA context in the wake of the decision in Bowles. See Diaz v. Kelly, 515 F.3d 149, 153-54 (2nd Cir. 2008) (concluding that even after the Bowles decision equitable tolling remains available to toll the AEDPA limitations period and finding that conclusion to be confirmed by the Supreme Court's decision in John R. Sand & Gravel Co. v. United States, ___U.S.___, 128 S. Ct. 750 (2008) which noted that most limitation periods are non-jurisdictional affirmative defenses subject to equitable tolling); see also Lopez v. Bock, No. CV 07-1192-PHX-JAT, 2008 WL 2545073 at *3 (D. Ariz. June 23,

United States Supreme Court has held that, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  In order to be entitled to equitable tolling, it is "external forces," rather than a petitioner's lack of diligence that must account for the failure to file a timely petition.  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule."  Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation omitted).  As a consequence, equitable tolling will be unavailable in most cases.  See Calderon (Beeler) v. U.S. Dist. Court for the Cent. Dist. of Cal., 128 F.3d 1286, 1288 (9th Cir. 1997).

        1. <u>Lack of Notice of the California Supreme Court's Decision</u>

        Petitioner contends that he did not receive the California Supreme Court's decision denying his habeas petition filed with that court.  The California Supreme Court's docket records the following activities:

| Date | Activity |
|---|---|
| May 9, 2006: | Petition for writ of habeas corpus filed |
| December 13, 2006: | Petition for writ of habeas corpus denied |
| January 8, 2007: | Mail returned (unable to forward) |
| July 26, 2007: | Mail returned and re-sent |

(Lod. Doc. 9.)

        Petitioner asserts that on June 12, 2007, he was transferred from California State Prison (CSP)-Lancaster to CSP-Solano and that between June 15, 2007 and June 25, 2007, he notified the California Supreme Court about his change of address and inquired about the status of his case. (Opp'n, Decl. (Pet'r Decl.) ¶ 4 at 1.)  On July 28, 2007, petitioner received the California Supreme Court's response to his inquiry and learned for the first time that his petition

---

2008) (noting that "the 9th Circuit has continued to apply equitable tolling to the AEDPA's statute of limitations post-Bowles.").

had been denied by that court. (Id. ¶ 6 at 1.) In his memorandum of points and authorities, petitioner cites to the decision in Corjasso v. Ayers, 278 F.3d 874 (9th Cir. 2002)[4] and asserts that the California Supreme Court's "error in not notifying Petitioner that his petition was denied" caused considerable "delay." (Pet'r P&A at 1.)

Equitable tolling requires that the petitioner establish that he acted diligently in filing his federal habeas petition. The court finds that petitioner failed to do so in this case. After petitioner filed his habeas petition with the California Supreme Court on May 9, 2006, he took no further action nor made any inquiry about the status of that petition for over a year until sometime between June 15, 2007 and June 25, 2007. (Pet.'s Decl. ¶ 5 at 1.) Petitioner contends that on July 28, 2007,[5] he received notification from the California Supreme Court that his habeas petition had been denied back on December 13, 2006. Nonetheless, he waited another six months after receiving that notice before filing his federal habeas petition on February 8, 2008.[6] Such lengthy periods of inaction do not establish diligence. See McGuire v. Mendoza-Powers, No. 1:07-CV-00086 OWW GSA HC, 2008 WL 1704089 at *12 (E.D. Cal. April 10, 2008) (denying equitable tolling because, although petitioner argued that he did not receive notice from the superior court that his habeas petition was denied, he waited eight months before inquiring on the status of his petition); Hunter v. Galaza, No. 1:05-cv-01300-OWW-TAG HC, 2007 WL 2812176 at *6 (E.D. Cal. Sept. 26, 2007) (denying equitable tolling because, although appellate

---

[4] In that case the Ninth Circuit found that the petitioner was entitled to equitable tolling of the AEDPA statute of limitations because the district court had erred in dismissing his original federal petition. Corjasso v. Ayers, 278 F.3d 874, 878 (9th Cir. 2002).

[5] In his declaration submitted to this court, petitioner admits that on July 28, 2007, he received notice that his habeas petition filed with the California Supreme Court had been denied. (Pet.'s Decl. ¶ 6 at 1.)

[6] The federal habeas petition was signed on February 8, 2008 and received for filing on February 11, 2008. The court notes that all of the claims contained in the federal petition were fully briefed in petitioner's petition for review to the California Supreme Court and in the habeas petition he filed with the California Supreme Court. Delay of any significance in filing the federal petition therefore cannot be attributed to the time needed to draft the federal petition.

counsel failed to inform petitioner about the denial of the petition for review by the California Supreme Court, petitioner did nothing for over a year to verify the status of that petition); Lindo v. Lefever, 193 F. Supp. 2d 659, 663 (E.D. N.Y. 2002) (denying equitable tolling because, although petitioner argued that due to his prison transfer he did not receive the notice that his state petition had been denied, he failed to act diligently once he received the decision); see also Gillory v. Roe, 329 F.3d 1015, 1018 (9th Cir. 2003) (finding that petitioner was not reasonably diligent where he waited twenty-seven months to present unexhausted claims to the California Supreme Court and seven months after that court's decision to return to federal court).

### 2. Lockdowns and Mental Disability

Petitioner contends that from June 12, 2007 through August of 2007, numerous lock-downs at the institution where he was incarcerated prevented him from obtaining his property and that his post-traumatic stress disorder also interfered with his ability to file his federal petition. (Pet'r P&A at 1; Pet'r Decl. ¶ 7 at 1.) Petitioner also argues that his property was withheld from him for that same length of time following his transfer from CSP-Lancaster to CSP-Solano. (Pet'r Decl. ¶ 3 at 1.) In support of his allegation that his mental health condition contributed to the delay, petitioner submits a Mental Health Placement Chrono dated June 12, 2008, indicating that he met the criteria for the Mental Health Services Delivery System (MHSDS) at that time. (Opp'n, Attach. B.)

As noted above, the burden is on petitioner to show that he suffered extraordinary circumstances beyond his control that made it impossible for him to file his petition on time. Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005). The court is not persuaded that petitioner has shown a causal connection between his allegations of lock-downs, lack of access to his property, and his mental condition and his ability to file his federal habeas petition in a timely manner. See Perez v. Hedgpeth, No. CV F 06-00846 AWI DLB HC, 2009 WL 174145 at *5 (E.D. Cal. Jan. 23, 2009) ("Petitioner's vague claim that lockdowns hindered his ability to file a timely petition is insufficient to justify equitable tolling. Occasional lockdowns are experienced

by all inmates attempting to file collateral petitions."); Ross v. Hickman, No. C 00-2887 CRB (PR), 2001 WL 940911 (N.D. Cal. Aug. 10, 2001) ("Petitioner's alleged enrollment in a prison mental health program and receiving psychotropic medication does not in of itself establish that he was mentally incompetent.  Most mental illnesses are treatable, and with proper treatment many, if not most, sufferers are capable of managing their own affairs.  In order to overcome the limitation barrier, petitioner must show that mental illness or other disability rendered him incapable of filing a habeas petition before the limitation period expired[.]"); United States v. Van Poyck, 980 F. Supp. 1108, 1111 (C.D. Cal. 1997) (concluding that defendant failed to explain why security lockdowns or unavailability of transcripts made it impossible for him to file his petition on time).

For these reasons, the undersigned finds that petitioner has failed to establish that he is entitled to equitable tolling so as to render the pending petition timely.

3. Fraud

Petitioner argues that the state trial court's ruling on the admissibility of his "'non-Mirandized' confession" was obtained by fraud committed by the police and prosecutor. (Pet'r P&A at 2.)  In this regard, petitioner contends:

> The detective in this case lied and failed to inform the court during a hearing to suppress Petitioner's confession, that as a matter of law, Petitioner as not free to leave the police interrogation room during a non-Mirandized interrogation, because the detectives had already obtained a warrant for Petitioner's arrest, and they were duty-bound to execute that warrant, as a matter of law.

(Id. at 3.)  Because of this "fraud," petitioner argues that the AEDPA statute of limitations should not apply in his case.  (Id. at 4.)  Whether petitioner's confession was obtained by fraud has no bearing on the timeliness of his federal habeas petition and does not provide grounds for equitable tolling.  See Chavez v. Henry, No. CV F 05-00490 OWW DLB HC, 2006 WL 1875442, at *7 (E.D. Cal. July 3, 2006) (holding that petitioner is not entitled to equitable tolling based on counsel's fraudulent representation that she was an attorney when the fraud had no

9

bearing on petitioner's direct review or the filing of state habeas petitions).  Here, the alleged misconduct, characterized by petitioner as "fraud," was committed during the underlying criminal proceedings and long prior to the entry of petitioner's judgment of conviction.  Even if petitioner were able to prove such allegations, the alleged misconduct obviously had no effect on petitioner's ability to timely file a federal habeas petition.

### 4.  Actual Innocence

Petitioner argues that his post-traumatic stress disorder caused him to suffer from chronic alcoholism and drug addiction and that, "[i]t is reasonably likely that Petitioner was not guilty by reason of insanity of mental defect at the time of the crime, and he is legally and actually innocent." (Mem. P&A at 4.)  Petitioner further contends that his trial counsel failed to have him examined by a doctor, never reviewed his medical records, and failed to call his treating physician.  (Id.)[7]

A habeas petitioner's "otherwise-barred claims [may be] considered on the merits . . . if his claim of actual innocence is sufficient to bring him within the 'narrow class of cases . . . implicating a fundamental miscarriage of justice.'"  Carriger v. Stewart, 132 F.3d 463, 477 (9th Cir. 1997) (quoting Schlup v. Delo, 513 U.S. 298, 315 (1995)).  To qualify under this exception, the petitioner's claim of actual innocence must be supported "with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup, 513 U.S. at 324.  The petitioner "must show that, in light of all the evidence, including evidence not introduced at trial, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'"  Majoy v. Roe, 296 F.3d 770, 776 (9th Cir. 2002) (quoting Schlup, 513 U.S. at 327).  See also Griffin v. Johnson, 350 F.3d 956, 962-63 (9th Cir. 2003); Sistrunk v. Armenakis, 292 F.3d 669, 672-73 (9th Cir. 2002) (en banc) (concluding that petitioner's claim of actual

---

[7] The only evidence of mental disability submitted by petitioner to this court is the Mental Health Placement Chrono previously noted above.  (Opp'n, Ex. B.)

innocence seeking to discredit a prosecution's witness, rather than affirmatively presenting new exculpatory evidence, does not fundamentally call into question the reliability of petitioner's conviction); <u>Gandarela v. Johnson</u>, 286 F.3d 1080, 1086 (9th Cir. 2002) (concluding that new evidence that raised questions about the victim's motive to lie but which did not provide direct evidence regarding the commission of the crime, did not present a colorable claim of actual innocence).

Here, the court finds that petitioner has failed to carry his burden of providing reliable evidence of his innocence. In addition, petitioner has failed to demonstrate that if the additional evidence he refers to had been developed and presented at trial that no reasonable juror would have found him guilty beyond a reasonable doubt. Accordingly, petitioner does not qualify for the exception under which his otherwise barred claims may be considered by this court.

## CONCLUSION

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Respondent's June 9, 2008 motion to dismiss (Docket No. 13) be granted; and

2. This action be dismissed on the ground that the petition was filed beyond the applicable one-year statute of limitations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fifteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised

/////

/////

/////

that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 28, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
parr0316.157